# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

MARVIN WYATT,            )
                      )
       Petitioner,      )
                      )
      v.              )        Case No. 05-1346
                      )
JULIUS FLAGG, Warden,    )
                      )
       Respondent.    )

## O R D E R

Now before the Court is Petitioner, Marvin Wyatt's ("Wyatt"), Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Petition [#3] is DENIED.

### FACTUAL BACKGROUND

Following a jury trial in the Circuit Court of Peoria County, Illinois, Wyatt was found guilty of aggravated criminal sexual assault and aggravated battery. He was sentenced to consecutive terms of 17 and 3 years' imprisonment respectively. On appeal, he contended that his sentence was excessive. The Illinois Appellate Court affirmed his sentence and conviction on August 3, 2001. Wyatt filed a Petition for Leave to Appeal to the Illinois Supreme Court raising the same the same issue, but his petition was denied on December 5, 2001.

On June 11, 2002, Wyatt filed a post-conviction petition in the trial court. In his petition, he raised essentially three claims: (1) his confession was involuntary, he was not given his Miranda warnings until halfway through the questioning process and officers

discouraged him from asking for a lawyer; (2) he received ineffective assistance of counsel when counsel failed to challenge the mental competency of the victim, prohibited him from testifying, and did not want to call Detective Burns, who was one of the investigating officers, to testify because one of t he jurors was acquainted with the detective; and (3) the prosecutor committed misconduct in vouching for the credibility of his witnesses during closing arguments.  The petition was denied without a hearing, and Wyatt appealed to the Illinois Appellate Court.  On appeal, he argued only that the trial court erred in dismissing his ineffective assistance of counsel claim on the basis of waiver.  On April 22, 2004, the Appellate Court affirmed the dismissal of Wyatt 's post-conviction petition, finding that he had not alleged any facts to show that the could not have raised his ineffective assistance claim on direct appeal.  Wyatt pursued a Petition for Leave to Appeal to the Illinois Supreme Court in which he raised only the issue of whether the trial court had erred in summarily dismissing his petition on grounds of waiver/forfeiture.  The Illinois Supreme Court denied the Petition for Leave to Appeal on September 2005.

Wyatt then filed the present Petition for Writ of Habeas Corpus pursuant to § 2254. In this Petition, he argues: (1) he received ineffective assistance of trial counsel when counsel failed to use a peremptory challenge to remove a juror who was a friend of Detective Burns and Judge Courson, who was presiding over the trial; (2) his confession was obtained by the use of coerced statements; and (3) he was not given his Miranda warnings until halfway through his interview with the police and was denied his right to speak with an attorney.  The State has filed its response, and this Order follows.

## **LEGAL STANDARD**

Before reaching the merits of a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, a district court must consider "whether the petitioner exhausted all available state remedies and whether the petitioner raised all his federal claims during the course of the state proceedings." Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991), *quoting* Henderson v. Thieret, 859 F.2d 492, 496 (7th Cir. 1988).  If the answer to either of these questions is "no," then the failure to exhaust state remedies or procedural default bars the petition.  Id.  In other words, if a petitioner fails to give the state courts a full and fair opportunity to review his claims, then his petition must fail.  Bocian v. Godinez, 101 F.3d 465, 468-69 (7th Cir. 1996).

Exhaustion of a federal claim occurs when it has been presented to the highest state court for a ruling on the merits or when it could not be brought in state court because a remedy no longer exists when the federal petition is filed.  Id.  In the present case, Respondent does not argue that Petitioner has failed to exhaust his state remedies.

Procedural default occurs when a claim could have been but was not presented to the state court and cannot, at the time the federal petition is filed, be presented to the state court.  Resnover v. Pearson, 965 F.2d 1453, 1458 (7th Cir. 1992).  This occurs in one of two ways.  First, a procedural default may occur when a petitioner fails to pursue each appeal required by state law, Jenkins v. Gramley, 8 F.3d 505, 507-08 (7th Cir. 1993), or when he did not assert the claim raised in the federal habeas petition in the state court system.  Resnover, 965 F.2d at 1458-59.  The second way in which a petitioner may procedurally default a claim is when a state court disposes of the case on an independent and adequate

state law ground, regardless of whether that ground is substantive or procedural.  Coleman

v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 2553-55 (1991).

Federal review is barred for claims that are procedurally defaulted unless the

petitioner can demonstrate cause and prejudice.  Engle v. Isaac, 456 U.S. 107, 102 S.Ct.

1558, 1572-73 (1982); Farrell, 939 F.2d at 411.  Review in federal court is also possible if

a fundamental miscarriage of justice would otherwise occur in that a constitutional error

probably resulted in the conviction of someone who is actually innocent.  Schlup v. Delo,

513 U.S. 298, 115 S.Ct. 851, 864-67 (1995).

With respect to claims that are not barred either for failure to exhaust or procedural

default, federal courts must employ a strict analysis.    A petition must be denied with

respect to any claim previously adjudicated on the merits in a state court unless the

decision of the state court:

> (1)  resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or (2)
> resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in
> the State court proceeding.

28 U.S.C. § 2254(d).  *See also* Lindh v. Murphy, 96 F.3d 856, 868-71 (7th Cir. 1996), *rev'd*

*on other grounds*, 521 U.S. 320, 117 S.Ct. 2059 (1997).

Subsection (d)(1) instructs that Supreme Court precedent governs legal questions.

Id. at 869.  In resolving mixed questions of law and fact, relief is unavailable unless "the

state's decision reflects an unreasonable application of the law," meaning federal courts

are to have a hands-off attitude unless the state court judgment is premised on an

unreasonable error.  Id. at 870 (internal quotation marks omitted).  A responsible, thoughtful

decision that is made after a full opportunity to litigate suffices, "even if it is wrong." Id. at 871, 876-77.   Subsection (d)(2) pertains to a decision constituting an unreasonable determination of the facts, and, according to 28 U.S.C. § 2254(e)(1), factual issues are presumed to be correctly resolved.  A petitioner must rebut this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

## DISCUSSION

As set forth above, Wyatt presents three different claims for relief.  In order for a claim to be addressed in a § 2254 proceeding, a petitioner must first establish that he has fully and fairly presented his claim to the state courts by giving them a meaningful opportunity to consider the substance of any such claims.  Harris v. McAdory, 334 F.3d 665, 668 (7th Cir. 2003), citing Chambers v. McCaughtry, 264 F.3d 732, 737 (7th Cir. 2001).

Here, the record reveals that although he presented a claim of ineffective assistance of appellate counsel in his post-conviction petition, the claim was that counsel was ineffective because he did not want to call Detective Burns as a witness.  No claim that counsel was ineffective for failing to use a peremptory challenge to remove a juror was presented to the state courts at any time, and he has therefore procedurally defaulted this claim.  Rodriguez v. Peters, 63 F.3d 546, 555 (7th Cir. 1995).

Wyatt's claims that his confession was coerced and that he was not given timely Miranda warnings or allowed to speak with an attorney are also procedurally defaulted. Although these claims were initially raised in his post-conviction petition, they were not presented either on appeal from the denial of the post-conviction petition or in his Petition for Leave to Appeal to the Illinois Supreme Court.  Failure to raise claims in one complete round of state court review results in procedural default.  O'Sullivan v. Boerckel, 526 U.S.

838, 845 (1999); White v. Godinez, 192 F.3d 607, 608 (7th Cir. 1999).  Moreover, the state court's express findings of waiver/forfeiture of all three of his claims presents an independent and adequate state procedural ground that precludes federal review.  Sanders v. Cotton, 398 F.3d 572, 579 (7th Cir. 2005); Martin v. Evans, 384 F.3d 848, 855 (7th Cir. 2004).

Procedurally defaulted claims can be reviewed by a federal court only upon a showing of cause and prejudice or a fundamental miscarriage of justice.  To establish cause, a petitioner must show that some external impediment prevented him from asserting his federal claim in state court.  Murray v. Carrier, 477 U.S. 478, 488 (1986).  Prejudice can be established where a petitioner can show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension."  United States v. Frady, 456 U.S. 152, 170 (1982).

Here, Wyatt makes no real attempt to demonstrate cause for failing to raise the claim in the state courts.  He was represented by different counsel at each stage of the proceeding.  Wyatt has also failed to demonstrate that he has suffered actual prejudice and does not even attempt to argue that had counsel raised his claims on appeal the result would surely have been different.

Nor does Wyatt make any attempt to invoke the fundamental miscarriage of justice exception.  To properly invoke the narrow fundamental miscarriage of justice exception, allegations of constitutional error must be supported by new, reliable evidence that was not presented at trial.  Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 865 (1995).  A petitioner must then show "that it is more likely than not that no reasonable juror would have

convicted him in the light of the new evidence." Id. at 867-68; Gomez v. Jaimet, 350 F.3d 673, 679 (7th Cir. 2003). Wyatt makes no showing that he is actually innocent of the charges against him and presents no new, reliable evidence which was not presented at trial. He has therefore failed to excuse his procedural default of any of this claims, and the claims are now barred from further consideration in this Court.

## CONCLUSION

For the reasons set forth herein, Wyatt's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [#3] is DENIED. This matter is now terminated.

ENTERED this 29th day of August, 2006.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge